# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AARON MOTEN,

:    Case No. 3:19-cv-267

    Petitioner,

- vs -

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Institution,

:

    Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action, brought *pro se* by Petitioner Aaron Moten under 28 U.S.C. § 2254. Motes seeks relief from his 144-month sentence imposed in the Clark County, Ohio, Court of Common Pleas upon his conviction on four drug-related felonies. As with all post-conviction remedies cases filed at this seat of Court, the case has been referred to the undersigned under General Order Day 13-01.

All new habeas corpus filings are subject to review under Rule 4 of the Rules Governing § 2254 Cases, which provides that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

After pleading guilty pursuant to a plea agreement and being sentenced, Moten appealed

1

to the Second District Court of Appeals which affirmed the convictions and sentence. *State v. Moten,* 2nd Dist. Clark Nos. 2018-CA-19, 2018-CA-20, 2019-Ohio-1473 (Apr. 19, 2019). The Supreme Court of Ohio then declined to exercise jurisdiction. *State v. Moten*, 156 Ohio St. 3d 1447, 2019-Ohio-2498. Moten thereafter filed the instant habeas Petition within the time allowed by 28 U.S.C. § 2244(d) (ECF No. 1).

Moten pleads two grounds for relief:

> **Ground One:** Merger of Single Animus (Allied Offenses)
>
> **Supporting Facts:** Petitioner contends that the trial court erred by sentencing him in Case 17CR-447 for both trafficking in drugs and illegal conveyance of drugs, offenses that should merged his sentence in violation of RC [Ohio Revised Code §] 2941.25.
>
> **Ground Two:** Ineffective Assistance of Counsel for Acquiescing to a prison sentence.
>
> **Supporting Facts:** Trial counsel made the following statement during the sentence hears that "Obviously (Moten) is going to be sent to prison today." Counsel purpsterdly [sic] bolstered the presumption of a prison sentence by indicating Petitioner looked [sic] remorse, and that he was more likely to recidivate.

(Petition, ECF No. 1, PageID 5, 7.)

**Ground One: Allied Offenses of Similar Impor**t

Moten raised his First Ground for Relief as his First Assignment of Error on direct appeal and the Second District decided that claim against him. Moten pleads the same claim again here, but it is not a claim upon which federal habeas corpus relief can be granted. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida,* 463

2

U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C.J.); *Bickham v. Winn*, 888 F.3d 248, 253 (6th Cir. 2018) (Thapar, J. concurring).

The Second District Court of Appeals has determined that Moten's sentence on both of these counts he claimed should be merged are in fact not subject to merger under Ohio Revised Code § 2941.25. 2019-Ohio-1473, at ¶¶ 19-22. That is entirely a question of state law on which the Second District's decision is binding on us. To put it another way, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Because Moten's First Ground fails to state a claim upon which habeas corpus relief can be granted, it should be dismissed.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Moten claims his trial attorney provided ineffective assistance of trial counsel at sentencing. Moten also raised this claim in the Second District Court of Appeals which decided it as follows:

3

*Assignment of Error #2 - Ineffective Assistance of Counsel*

{¶ 23} In his second assignment of error, Moten contends that he was denied the effective assistance of counsel by his trial attorney's "affirmative acceptance of the trial [c]ourt's imposition of a prison sentence." As evidence of that purported "acquiescence," Moten points to his trial counsel's statement during the sentencing hearing that "[o]bviously [Moten] is going to be sent to prison today." (*See* Disposition Tr. p. 5). He also faults his trial counsel for purportedly "bolster[ing] the presumption of prison by indicating that [Moten] lacked remorse, and that he was more than likely to recidivate."

*a. Standard of Review*

{¶ 24} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.). Trial counsel is also entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689.

*b. Moten's Ineffective Assistance of Counsel Claim*

{¶ 25} Moten cites no legal authority for the proposition that the conduct he attributes to his trial attorney amounted to a denial of Moten's right to the effective assistance of counsel. Furthermore, our review of the record reveals no actions by Moten's trial attorney that could be deemed to fall below an objective standard of reasonableness.

{¶ 26} In commenting that Moten "[o]bviously * * * is going to be sent to prison," his trial counsel was acknowledging the reality confronting Moten at that time; the seriousness of the felonies to which Moten had pled guilty, combined with his extensive criminal

history and prior record of re-offending after incarceration, meant that a prison sentence of some duration "obviously" would be imposed in these consolidated cases. Moten's attorney cannot be said to have performed deficiently by offering that acknowledgment.

{¶ 27} Further, we do not agree that the record reflects any implication by Moten's attorney that Moten "lacked remorse" or "was more than likely to recidivate." The only remarks Moten cites as evidence of what he deems his counsel's deficiency in that respect are these:

> Mr. Moten is at an age where maybe these behaviors are starting to fade in his interest * * * I just think that he's statistically reaching the outer edge where people generally commit these acts.

(Disposition Tr. p. 5).

{¶ 28} We do not interpret those statements as suggesting that Moten "lacked remorse" or "was more than likely to recidivate." Instead, trial counsel was urging that Moten had reached a level of maturity where he would be *less* likely to re-offend. In light of Moten's prior criminal history, no other potential arguments in mitigation can be readily gleaned from the record. Moreover, Moten was given the opportunity to offer his own expression of remorse, which largely echoed his attorney's perspective. The entirety of Moten's statement at the sentencing hearing was this:

> I would like to take ownership of everything I did, and I'm sorry. You know, I'm getting at an age where, you know, it starts to take a toll on you, you know? I would — I'm just sorry. If I could take anything back, I would.

(Disposition Tr. p. 6).

{¶ 29} "It is well established that the presentation of mitigating evidence is a matter of trial strategy and '[t]he decision to forgo the presentation of additional mitigating evidence does not itself constitute ineffective assistance of counsel.'" *State v. Foster*, 2d Dist. Montgomery No. 25655, 2014-Ohio-530, ¶ 14, quoting *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 240, quoting *State v. Keith*, 79 Ohio St.3d 514, 536, 1997-Ohio-367, 684 N.E.2d 47 (1997). Moten's trial counsel cannot be said to have performed deficiently by making a strategic decision to argue that Moten had "aged out" of drug activity and to defer to Moten to offer his own personal expression of remorse in mitigation of his offenses.

> *See Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70; *Fields*, 2017-Ohio-400, 84 N.E.3d 193, at ¶ 38.
>
> **{¶30}** Because the performance of Moten's trial attorney did not fall below an objective standard of reasonableness due to the limited arguments he offered in mitigation, Moten's second assignment of error is overruled.

*Moten*, 2019-Ohio-1473.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Here the Second District recognized the governing federal constitutional standard in *Strickland*. *Moten*, 2019-Ohio-1479, at ¶ 24. It then applied that standard very reasonably. One of the factors that does in to choosing an attorney – and counsel here was retained – is the degree to which the attorney is familiar with the judges before whom he or she appears. Moten was charged in three separate indictments and had a lengthy adult drug record. Under those circumstances there might be some judges who would have imposed no prison time, but a lawyer who fights against the obvious – a committed sentence must have seemed very likely in the circumstances – lessens his credibility with a judge and therefore his ability to achieve the best possible result. There was nothing objectively unreasonable about conceding that some prison time was likely. Even if the concession was more than was needed, Moten has failed to show the

6

sentence would have been lighter if the concession had not been made. Hence, he has shown no prejudice from counsel's concession.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 30, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).