# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AARON MOTEN,

        Petitioner,    :    Case No. 3:19-cv-267

 - vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 2). District Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 8).

Moten pleaded two grounds for relief:

> **Ground One:** Merger of Single Animus (Allied Offenses)
>
> **Supporting Facts:** Petitioner contends that the trial court erred by sentencing him in Case 17CR-447 for both trafficking in drugs and illegal conveyance of drugs, offenses that should merged his sentence in violation of RC [Ohio Revised Code §] 2941.25.
>
> **Ground Two:** Ineffective Assistance of Counsel for Acquiescing to a prison sentence.
>
> **Supporting Facts:** Trial counsel made the following statement during the sentence hears that "Obviously (Moten) is going to be sent to prison today." Counsel purpsterdly [sic] bolstered the presumption of a prison sentence by indicating Petitioner looked

1

[sic] remorse, and that he was more likely to recidivate.

(Petition, ECF No. 1, PageID 5, 7.) The Report recommends dismissing both grounds, but Moten objects only as to Ground One.

## Analysis

The Petition pleads Ground One as a matter of state law: the trial court erred when it did not merge Moten's convictions for trafficking in drugs and illegal conveyance of drugs in violation of Ohio Revised Code § 2941.25. The Petition says nothing about the Double Jeopardy Clause. The Report concluded Moten was only pleading an error of state law, to wit, in the state court's interpretation of Ohio Revised Code § 2941.25.

Moten objects: "The report of the Magistrate is defective in that it misunderstands the federal constitutional protection Ohio Revised Code Section 2941 .25 provides under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." (ECF No. 7, PageID 31).

Moten is correct that as part of the re-codification of Ohio criminal law in 1974 the Ohio General Assembly enacted Ohio Revised Code § 2941.25 to protect the same interests as are protected by the Double Jeopardy Clause of the Fifth Amendment, albeit in different language and applying different standards. Therefore, when a habeas petitioner has presented his Double Jeopardy claim to the state courts solely in terms of Ohio Revised Code § 2941.25, he will not be deemed to have procedurally defaulted the Double Jeopardy claim because making a claim in terms of Ohio Revised Code § 2941.25 "fairly presents" the Double Jeopardy issue. *Palmer v. Haviland*, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio May 11, 2006)(Weber, J., adopting Report of Hogan, M.J.), aff'd, 273 Fed. Appx. 480 (6th Cir. 2008). If Moten had pleaded his First Ground as

2

a Double Jeopardy claim, the Magistrate Judge would have addressed it in those terms.

The Second District Court of Appeals decided Moten's merger claim by applying Ohio Revised Code § 2941.25. It noted that Moten had claimed in his Second Assignment of Error that he could not properly be punished separately for possessing illicit drugs and for conveying them into a correctional facility. The Second District rejected the argument, relying on a decision with parallel facts from the Fourth District Court of Appeals, *State v. Deckard,* 2017-Ohio-8469 (4th Dist. 2017). It held:

> **[*P20]** Moten's illegal conveyance of the drugs into the jail was "committed separately" from his trafficking of those drugs outside of the jail. Additionally, Moten's illegal conveyance reasonably can be inferred to have been "committed with separate animus or motivation" from his trafficking of the same drugs — e.g., intended to conceal those drugs to prevent their confiscation by police and the prospect of additional charges and/or to preserve the drugs for his own use while incarcerated, instead of simply to sell the drugs. *See Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. Either of those factors would suffice to establish that the offenses were not allied offenses of similar import committed with a single animus. *See* R.C. 2941.25. The trial court did not err by failing in Case No. 17-CR-447 to merge Moten's drug trafficking offenses with his illegal conveyance for purposes of sentencing.

An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 "is entirely dispositive of the federal double jeopardy claim." *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, [w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359,

366 (1983)(internal quotation marks omitted).

Moten makes no argument in his Objections as to why the Second District's decision violates Double Jeopardy, and that court's interpretation of Ohio Revised Code § 2941.25 is entirely reasonable: having possessed the drugs, Moten made the separate decision to convey them into the jail. In the classic test for violation of the Double Jeopardy Clause, offenses are separately punishable if either of them contains an element that is different from the other. Here the conveying offense clearly has a separate element of taking drugs into a correctional facility. *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

**Conclusion**

The Second District's rejection of Moten's merger/Double Jeopardy claim is an objectively reasonable application of relevant Supreme Court precedent and his objections should therefore be overruled. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 29, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).